NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALMA AGHA-KHAN, M.D., AKA Salma H. Agha,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA; et al.,<br><br>Defendants-Appellees. | No. 16-15164<br><br>D.C. No. 1:15-cv-00042-DAD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, Magistrate Judge, Presiding[**]

Submitted March 8, 2017[***]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Salma Agha-Khan, a.k.a. Salma H. Khan, appeals pro se from the district

court's order dismissing her action alleging federal and state law claims arising out

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     **Error! Main Document Only.**The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of bankruptcy and foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Cervantes v. Countrywide Home Loans*, *Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011).  We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm.

The district court properly dismissed Agha-Khan's claims against Jeffrey M. Vetter, David J. Cooper, Barry Lee Goldner, Lisa A. Holder, Connie Parker, and Klein Denatale Goldner Cooper Rosenlieb & Kimball, LLP, as barred by the litigation privilege.  *See* Cal. Civ. Code § 47(b); *Graham-Sult v. Clainos*, 756 F.3d 724, 741-42 (9th Cir. 2014) (discussing California's litigation privilege).

Dismissal of Agha-Khan's claims against CitiMortgage Inc., CitiBank, NA, RE/MAX Holdings, Inc., and RE/MAX LLC was proper because they are barred by res judicata, as Agha-Khan raised, or could have raised, these claims in a prior federal action in which there was a final judgment on the merits.  *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956-57 (9th Cir. 2002) (setting forth the elements of the doctrine of res judicata, and explaining that res judicata bars "any claims that were raised or could have been raised" in a prior action).

The district court did not abuse its discretion in dismissing Agha-Khan's complaint without leave to amend because amendment would be futile.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth

standard of review and explaining that denial of leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion in denying Agha-Khan's motions seeking disqualification of all judges of the Eastern District of California and a transfer of the action to the Central District of California because Agha-Khan failed to establish grounds for such relief. *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth standard of review and grounds for recusal); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (setting forth standard of review and grounds for a change of venue).

We reject as unsupported by the record Agha-Khan's contentions concerning the district court's application of Rule 8(a) and the alleged bias and improper conduct of the district court judge.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED.**